J. S63043/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                      :           PENNSYLVANIA
               v.                 :
                                        :
AVERY LIONAL TURNER, JR.,       :       No. 665 WDA 2017
                                        :
          Appellant       :

Appeal from the PCRA Order, April 21, 2017,
in the Court of Common Pleas of Washington County
Criminal Division at No. CP-63-CR-0001971-2013

BEFORE: BOWES, J., SOLANO, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:     **FILED DECEMBER 12, 2017**

Appellant, Avery Lional Turner, Jr., appeals from the April 21, 2017 order of the Court of Common Pleas of Washington County denying his first petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

The PCRA court provided the following factual and procedural history:

> On May 22, 2013, members of the Washington County Drug Task Force and Pennsylvania State Police detained [appellant] pursuant to two arrest warrants; one issued each by the East Washington Police Department and City of Washington Police Department. Following the detention of [appellant,] police conducted a warranted search of the hotel room where he was found. In their search, police discovered 184 packets of heroin, a digital scale, a loaded handgun that had been previously reported stolen to the East Washington Police Department, two boxes of forty-five caliber pistol ammunition, and a forty-five caliber pistol magazine loaded with

ten rounds of ammunition. After conducting a criminal history check of [appellant], police determined that he had been convicted of crimes which rendered him ineligible to lawfully possess a firearm.

On June 24, 2013, the Washington County Drug Task Force charged [appellant] with the following violations: Possession With Intent to Deliver a Controlled Substance ("PWID"), 35 P.S. § 780-113(a)(30), Criminal Conspiracy, 18 Pa.C.S. § 903(a)(1), Persons Not to Possess, Use, Manufacture, Control, Sell or Transfer Firearms ("Persons Not to Possess"), 18 Pa.C.S. § 6105(a)(1), Receiving Stolen Property, 18 Pa.C.S. § 3925(a), and Possession of Drug Paraphernalia, 35 P.S. § 780-113(a)(32). On November 20, 2013, the Washington County Public Defender's Office entered its appearance on behalf of [appellant] and entered a plea of not guilty. On January 28, 2014, upon motion by [appellant] and following a hearing thereon, the public defender was permitted to withdraw and conflict counsel was appointed.

On August 21, 2014, following a plea hearing, [appellant] requested more time to consider the Commonwealth's offer. Thereafter, on September 2, 2014, [appellant] accepted the plea offered at the first hearing. In exchange for the Commonwealth agreeing to **nolle pros** the charges of criminal conspiracy, possession of drug paraphernalia, and numerous charges at two other dockets,[Footnote 1] [appellant] entered a negotiated plea of guilty to PWID, persons not to possess, and receiving stolen property. In accordance with the plea negotiations, [appellant] was sentenced to five to ten years of incarceration on the persons not to possess conviction, two and a half to five years of incarceration on the receiving stolen property conviction, to run concurrently to the first sentence, and five years['] probation on the PWID conviction, to run consecutively to the other sentences. This offer was identical to the one presented at [appellant's] prior plea hearing on August 21, 2014,

where he asked the court for more time to consider the offer. [Appellant] did not file a direct appeal. As such, [appellant's] judgment of sentence became final on October 2, 2014.

> [Footnote 1] Prior to his arrest for the charges subject to this PCRA, [appellant] was charged with Kidnapping, Unlawful Restraint, Terroristic Threats with Intent to Terrorize Another, Simple Assault, Harassment, and Unlawful Restraint at Docket Number 1392 of 2013 and Aggravated Assault at Docket Number 1970 of 2013.

> On or about January 16, 2016, [appellant] filed a *pro se* PCRA petition on the basis of newly discovered evidence and ineffective assistance of counsel. On January 21, 2016, the court appointed attorney Stephen Paul as PCRA counsel. Following three filing extensions and two reassignments of counsel, J. Andrew Salemme was appointed and filed an amended PCRA petition on October 21, 2016, alleging therein ineffective assistance of counsel and imposition of an illegal sentence.

> On May 16, 2017, [the PCRA] court filed a Notice of Intent to Dismiss based on a lack of jurisdiction. On April 3, 2017, [a]ppellant filed a response to the Notice of Intent to Dismiss, wherein he restated the arguments made in his PCRA petition and brief. On April 21, 2017, the [PCRA] court entered an order denying [appellant's] PCRA petition. On May 3, 2017, [a]ppellant filed a Notice of Appeal to the Pennsylvania Superior Court. On May 4, 2017, the [PCRA] court entered an order directing [a]ppellant to file a concise statement of matters complained of on appeal within twenty-one days of the entry of the Order, which [a]ppellant filed on May 18, 2017.

PCRA court opinion, 6/28/17 at 1-3.

Appellant raises the following issues for our review:

1. Is the PCRA time-bar unconstitutional as applied in this case where the defendant's counsel patently erred in advising him to plead guilty based on the erroneous belief that mandatory minimum sentences could be applied in this case?

2. Was [appellant's] plea unknowing where plea counsel erroneously advised him to plead guilty due to the applicability of mandatory minimum sentences that could not be applied because they had been ruled unconstitutional in their entirety?

3. Did the [PCRA] Court err in declining to find that the writ of **coram nobis** applied herein, where due to the ineffective assistance of counsel, [appellant] entered a guilty plea based on a factual and legal mistake[,] i.e., the applicability of mandatory minimum sentences?

4. Whether the [PCRA] Court erred in failing to apply the constitutional or statutory writ of **habeas corpus** where [appellant] entered a guilty plea based on ineffective assistance of counsel and his substantive and procedural due process rights would be violated if he could not be afforded a remedy under the facts of this case?

5. Did the PCRA court err in failing to find that [appellant's] PCRA petition can be construed as timely filed under the new constitutional rule that applies retroactively exception pursuant to **Commonwealth v. Wolfe**, 140 A.3d 651 (Pa. 2016)?

Appellant's brief at 4.

PCRA petitions are subject to the following standard of review:

"[A]s a general proposition, we review a denial of PCRA relief to determine whether the findings of the

PCRA court are supported by the record and free of legal error." **Commonwealth v. Dennis**, 609 Pa. 442, 17 A.3d 297, 301 (Pa. 2011) (citation omitted). A PCRA court's credibility findings are to be accorded great deference, and where supported by the record, such determinations are binding on a reviewing court. **Id.** at 305 (citations omitted). To obtain PCRA relief, appellant must plead and prove by a preponderance of the evidence: (1) his conviction or sentence resulted from one or more of the errors enumerated in 42 Pa.C.S. § 9543(a)(2); (2) his claims have not been previously litigated or waived, **id.** § 9543(a)(3); and (3) "the failure to litigate the issue prior to or during trial . . . or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel[.]" **Id.** § 9543(a)(4). An issue is previously litigated if "the highest appellate court in which [appellant] could have had review as a matter of right has ruled on the merits of the issue[.]" **Id.** § 9544(a)(2). "[A]n issue is waived if [appellant] could have raised it but failed to do so before trial, at trial, . . . on appeal or in a prior state postconviction proceeding." **Id.** § 9544(b).

**Commonwealth v. Treiber**, 121 A.3d 435, 444 (Pa. 2015).

A PCRA petition, including a second or subsequent petition, must be filed within one year of the date that judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment becomes final for purposes of the PCRA "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). PCRA time limits are jurisdiction in nature, implicating a court's very power to adjudicate a controversy. **Commonwealth v. Fahy**, 558 Pa. 313, 737 A.2d 214 (1999). According, the "period for filing a PCRA petition is not subject to the doctrine of equitable tolling," instead, the time for filing a PCRA petition can be extended only if the PCRA permits it to be extended, **i.e.**, by operation of

one of the statutorily enumerated exceptions to the PCRA time-bar. ***Id.*** at 329, 737 A.2d at 222.

***Commonwealth v. Ali***, 86 A.3d 173, 177 (Pa. 2014), ***cert. denied***, 135 S.Ct. 707 (2014). Before we can begin to address appellant's issues on the merits, we must first determine whether we have jurisdiction to do so.

As noted above, a PCRA petitioner has one year from the date his or her judgment of sentence becomes final in which to file a PCRA petition. This court has held the following regarding when a judgment of sentence becomes final:

> The plain language of the PCRA provides that a judgment of sentence becomes final at the conclusion of direct review or when the time for seeking direct review expires. ***See*** 42 Pa.C.S.A. § 9545(b)(3). In fixing the date upon which a judgment of sentence becomes final, the PCRA does not refer to the conclusion of collateral review or the time for appealing a collateral review determination. Thus, the plain language of the PCRA statute shows that a judgment of sentence becomes final immediately upon expiration of the time for seeking direct review, even if other collateral proceedings are still ongoing. As this result is not absurd or unreasonable, we may not look for further manifestations of legislative intent. ***See Commonwealth v. Hall***, 80 A.3d 1204, 1211 (Pa. 2013) (internal quotation marks omitted) (We may "look beyond the plain language of the statute only when words are unclear or ambiguous, or the plain meaning would lead to a result that is absurd, impossible of execution or unreasonable.").

***Commonwealth v. Callahan***, 101 A.3d 118, 122 (Pa.Super. 2014).

In the instant case, the trial court sentenced appellant to a term of 5-10 years' incarceration on September 2, 2014. Appellant did not file any

post-sentence motions, nor did he file a direct appeal to this court. Accordingly, appellant's judgment of sentence became final on October 2, 2014.[1] Appellant filed the instant petition on January 19, 2016 -- over 15 months after his judgment of sentence became final and over 3 months after a PCRA petition could be considered timely. **See** 42 Pa.C.S.A. § 9545(b)(1).

As noted above, the PCRA does enumerate exceptions to the one-year requirement. A petitioner may file a petition under the PCRA after one year has passed from the final judgment of sentence under the following circumstances:

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(iii). Any claims made under this exception must be filed "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

In his first issue for our review, appellant avers that "the PCRA time bar is unconstitutional as applied in this case where [appellant's] counsel patently erred in advising him to plead guilty based on the erroneous belief

---

[1] The Pennsylvania Rules of Appellate Procedure require a notice of appeal to be filed within 30 days of the imposition of the judgment of sentence in open court in criminal cases in which no post-sentence motion has been filed. Pa.R.A.P. 903(c)(3).

that mandatory minimum sentences could be applied." (Appellant's brief at 15.) Issues 2-4 are also based in allegations of ineffective assistance of counsel. Ineffective assistance of counsel is not an exception to the PCRA's timeliness requirements.

> It is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA. *See Commonwealth v. Pursell*, 561 Pa. 214, 749 A.2d 911, 915-916 (2000) (holding a petitioner's claim in a second PCRA petition, that all prior counsel rendered ineffective assistance, did not invoke timeliness exception, as "government officials" did not include defense counsel); *see also Commonwealth v. Gamboa-Taylor*, 562 Pa. 70, 753 A.2d 780, 785-786 (2000) (finding that the "fact" that current counsel discovered prior PCRA counsel failed to develop issue of trial counsel's ineffectiveness was not after-discovered evidence exception to time-bar); *Commonwealth v. Lark*, 560 Pa. 487, 746 A.2d 585, 589 (2000) (holding that allegation of ineffectiveness is not sufficient justification to overcome otherwise untimely PCRA claims).

*Commonwealth v. Wharton*, 886 A.2d 1120, 1127 (Pa. 2005). Accordingly, we do not have jurisdiction to review appellant's first four issues as they are facially untimely and do not fall under any of the exceptions to the PCRA time-bar.

Before we can determine whether appellant's fifth issue falls under an exception to the PCRA's time bar, we must first determine whether appellant's fifth issue is ripe for our review. Appellant filed a *pro se* PCRA petition on January 16, 2016. The PCRA court appointed counsel on

January 21, 2016, and ordered counsel to file an amended PCRA petition. The PCRA court granted appellant's motions to extend time for filing a PCRA petition on April 13, June 8, and September 14, 2016. Appellant filed an amended PCRA petition on October 21, 2016. Subsequent to when appellant's **pro se** PCRA petition was filed, but prior to the filing of appellant's amended PCRA petition, our supreme court announced its decision in **Commonwealth v. Wolfe**, 140 A.3d 651 (Pa. 2016),[2] on June 20, 2016.

Our supreme court has held that "when an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the previous PCRA petition . . ." **Commonwealth v. Lark**, 746 A.2d 585, 588 (Pa. 2000). The court, however, further noted that its holding did not "preclude a trial court from granting leave to amend a PCRA petition that is currently pending before that court. **Id.**, n.2.

The standard governing amendments to PCRA petitions is a liberal one. Indeed, our supreme court has stated the following:

> Our criminal procedure rules reflect that the PCRA judge "may grant leave to amend . . . a petition for post-conviction collateral relief at any time," and that amendment "shall be freely allowed to achieve substantial justice." Pa.R.Crim.P. 905(a); **see Commonwealth v. Williams**, 828 A.2d 981, 993

---

[2] In **Wolfe**, our supreme court held that Pennsylvania's mandatory minimum sentencing scheme pertaining to individuals convicted of crimes involving child victims was unconstitutional on its face because it created a "distinct and aggravated crime" not determined by the fact-finder. **Id.** at 661, 663. A more detailed discussion of **Wolfe** is found below.

(Pa. 2003) (noting that the criminal procedural rules contemplate a "liberal amendment" policy for PCRA petitions). Nevertheless, it is clear from the rule's text that leave to amend must be sought and obtained, and hence, amendments are not self-authorizing. *Commonwealth v. Porter*, 35 A.3d 4, 12 (Pa. 2012). Thus, for example, a petitioner may not "simply 'amend' a pending petition with a supplemental pleading." *Id.* Rather, Rule 905 "explicitly states that amendment is permitted only by direction or leave of the PCRA court. *Id.*; *see also Williams*, 828 A.2d at 988 (indicating that the PCRA court retains discretion whether or not to grant a motion to amend a post-conviction petition). It follows that petitioners may not automatically "amend" their PCRA petitions via responsive pleadings.

*Commonwealth v. Baumhammers*, 92 A.3d 708, 730 (Pa. 2014). Put another way, Rule 905 permits appointed counsel to, "in the exercise of his or her professional judgment," raise additional issues beyond what were raised in the petitioner's *pro se* petition. *Commonwealth v. Padden*, 783 A.2d 299, 308 (Pa.Super. 2001).

In cases in which a new constitutional rule is averred, a petitioner is required to demonstrate that the new constitutional rule has been recognized by either the Supreme Court of the United States or by the Supreme Court of Pennsylvania and held to be applied retroactively. *Commonwealth v. Abdul-Salaam*, 812 A.2d 497, 501 (Pa. 2002).

The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.* "that court" has already held the new constitutional right to be retroactive to cases on collateral review. **By employing the past tense in writing this provision, the legislature clearly**

> **intended that the right was already recognized at the time the petition was filed.**

*Id.* (emphasis added).

The General Assembly's intent, however, is unclear as to whether the constitutional right must have been recognized at the time the ***pro se*** petition was filed, or at the time the amended petition was filed. To ascertain the General Assembly's intent, we shall first look to a PCRA petitioner's right to counsel for an initial PCRA petition.

It is well settled that a PCRA petitioner has a right to the assistance of counsel for his or her initial PCRA petition. Pa.R.Crim.P. 904(c), ***Commonwealth v. Robinson***, 970 A.2d 455, 457 (Pa.Super. 2009) (***en banc***).

> When appointed, counsel's duty is to either (1) amend the petitioner's ***pro se*** Petition and present the petitioner's claims in acceptable legal terms, or (2) certify that the claims lack merit by complying with the mandates of ***Turner***/***Finley***.[Footnote 6] "If appointed counsel fails to take either of these steps, our courts have not hesitated to find that the petition was effectively uncounseled." [***Commonwealth v. Powell***, 787 A.2d 1017, 1019 (Pa.Super. 2001)] (citation omitted).
>
> > [Footnote 6] ***Commonwealth v. Turner***, 544 A.2d 297 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (***en banc***).

***Commonwealth v. Cherry***, 155 A.3d 1080, 1083 (Pa.Super. 2017).

We find that by amending a PCRA petition to include a decision potentially creating a new constitutional rule that was announced subsequent to the petitioner's *pro se* PCRA petition, appellant's PCRA counsel was fulfilling his duty to amend appellant's *pro se* petition in order to present the claim in acceptable legal terms by pleading the existence of a potential new constitutional rule.[3] Moreover, it is in the sound discretion of the PCRA court to grant leave to amend a PCRA petition.[4]

Here, the PCRA court entered an order appointing PCRA counsel for appellant and simultaneously granted leave to either amend appellant's *pro se* PCRA petition or file a *Turner/Finley* letter. While appellant had leave to amend his PCRA petition, our supreme court announced its decision in *Wolfe*, which appellant subsequently incorporated into his amended PCRA petition. We, therefore, find that appellant's fifth issue of whether our supreme court recognized a new constitutional rule in *Wolfe*, that was also

---

[3] We only acknowledge that this is the basis of appellant's argument under his fifth issue. We do not offer any analysis as to the merits of appellant's underlying claim.

[4] *See also Commonwealth v. Melvin*, 2017 WL 4159284 (Pa.Super. September 20, 2017). In *Melvin*, the defendant filed a serial PCRA petition on May 23, 2012. *Id.* at *2. On June 25, 2012, the Supreme Court of the United States announced its decision in *Miller v. Alabama*, 567 U.S. 460 (2012), which held mandatory sentences of life imprisonment without the possibility of parole for juvenile offenders to be unconstitutional. In light of the Supreme Court's holding in *Miller*, the defendant amended his PCRA petition. The PCRA court granted the defendant's amended PCRA petition on September 30, 2012, due to the Supreme Court's decision in *Miller*. *Melvin*, 2017 WL 4159284 at *3.

held to be applied retroactively, is ripe for our review. We must first, however, determine whether we have the jurisdiction to decide the issue on its merit.

Appellant avers that our supreme court recognized a new constitutional rule that was applied retroactively through its decision in *Wolfe*. Specifically, appellant contends that *Wolfe*,

> . . . declared that no mandatory minimum punishment could be imposed even if the individual admitted the triggering facts or those facts were determined by a fact-finder beyond a reasonable doubt. The *Wolfe* decision was decided based on constitutional severability principles and announced a new Pennsylvania constitutional rule. Because it prohibits a punishment on a class of offenders[,] it is a substantive ruling.

Appellant's brief at 12.

In order to determine whether appellant has met an exception to the PCRA time-bar, we must first determine whether the holding announced by our supreme court in *Wolfe* created a new constitutional rule that was held by the court to apply retroactively. *See* 42 Pa.C.S.A. § 9545(b)(iii). In *Wolfe*, there is no question that a new constitutional rule was announced. Our supreme court held that in light of the Supreme Court of the United States' holding in *Alleyne v. United States*, 133 S.Ct. 2151 (2013), Pennsylvania's mandatory minimum sentencing scheme under 42 Pa.C.S.A.

- 13 -

§ 9718[5] was "irremediably unconstitutional on its face, non-severable, and void." **Wolfe**, 140 A.3d at 663. Specifically, the court found that Section 9718 included a factor that served to enhance a defendant's sentence, thus creating a "distinct and aggravated crime," which the Supreme Court of the United States found to be unconstitutional. **Id.** at 661, citing **Alleyne**, 133 S.Ct. at 2163.

Upon review of our supreme court's decision in **Wolfe**, the court did not hold its decision to be retroactive to cases pending on collateral appeal. **See Abdul-Salaam**, 812 A.2d at 501, 42 Pa.C.S.A. § 9545(b)(iii). Accordingly, we do not have jurisdiction to consider appellant's fifth issue on appeal, as his PCRA petition is facially untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/12/2017

---

[5] Section 9718 created mandatory minimum sentences for individuals convicted of certain crimes in which children were the victims. 42 Pa. C.S.A. § 9718. The mandatory minimum sentence was contingent upon the age of the victim, **e.g.**, an individual convicted of aggravated assault faced a mandatory minimum of not less than two years' imprisonment if the victim was under 16 years of age, while an individual convicted of aggravated assault faced a mandatory minimum of not less than five years' imprisonment if the victim was under 13 years of age. **Id.**